UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------x
                                            :

NEW JERSEY CARPENTERS ANNUITY    :
FUND, NEW JERSEY CARPENTERS      :
PENSION FUND, and NEW JERSEY       :
CARPENTERS WELFARE               :
FUND,                                  :
                                    :
                  Plaintiffs,     :
                                    :
             – against –         :    10 Civ. 5738 (TPG)
                                    :
MERIDIAN DIVERSIFIED FUND       :    **OPINION**
MANAGEMENT, LLC, WILLIAM H.     :
LAWRENCE, JOHN L. SICA, DONALD J.   :
HALLDIN, TIMOTHY M. HICKEY, LAURA   :
K. SMITH, ROBERT J. MURPHY,        :
HOWARD B. FISCHER, PETER M.      :
BROWN, MARTIN BYRNE AND        :
CHRISTOPHER BOWRING,          :
                                    :
                  Defendants,    :
                                    :
   and                                   :
                                    :
MERIDIAN DIVERSIFIED ERISA FUND,   :
LTD.,                                 :
                                    :
                  Nominal Defendant.    :
-----------------------------------------------x

        Plaintiffs in this case, three New Jersey carpenters' benefits funds,

bring a derivative complaint on behalf of the Meridian Diversified ERISA

Fund, Ltd. ("the Meridian Fund") against Meridian Diversified Fund

Management, LLC ("Meridian Management")--the entity acting as

manager of the Meridian Fund.  Also joined as defendants are officers of

Meridian Management.  Plaintiffs now move to remand the case to state

court.   Because the derivative action for breach of fiduciary duty is completely preempted by a federal statute--the Employee Retirement Income Security Act ("ERISA")--plaintiffs' motion is denied.

## BACKGROUND

The Meridian Fund is a large hedge fund catering to institutional investors.   Plaintiffs in this case are three of those institutional investors. The Meridian Fund, and, in turn, plaintiffs, suffered major losses as a result of the well-known ponzi scheme perpetrated by Bernard Madoff. Plaintiffs are some of several investors suing the Meridian Fund and its management in various actions as a result of those losses.   Most of these suits have been consolidated into one action pending before this court. In re Meridian Funds Group Securities & ERISA Litigation, 09-md-02082 (TPG).   Plaintiffs in the present action seek to litigate in the state court to avoid consolidation and pursue litigation independently.

Plaintiffs originally filed their complaint in the present action in June of 2010 in Supreme Court, New York County.   Plaintiffs, in their complaint, list the Meridian Fund as a "nominal defendant," on whose behalf the derivative action is brought.   Plaintiffs allege that Meridian Management and its officers breached their common law fiduciary duty to the Meridian Fund by failing to adequately monitor the Meridian Fund's investments and turning a blind eye to the many red flags that appeared regarding Madoff's operation.   Plaintiffs' allegations are strictly couched in terms of common law.   There is no reference to ERISA.

On July 29, 2010, defendants removed the action to this court pursuant to 28 U.S.C. § 1441, claiming federal jurisdiction under ERISA, via 28 U.S.C. § 1331.  The instant motion to remand was filed on August 27, 2010.

Plaintiffs allege that remand is required in this case because their "well-pleaded" complaint contains only state common law causes of action and because defendants have failed to establish that the derivative claims arise under ERISA.  Defendants contend that plaintiffs have "artfully pleaded" their allegations to avoid mention of federal law, but that, nonetheless, plaintiffs' claims arise under federal law because they are "completely preempted" by ERISA.  Plaintiffs respond that ERISA cannot be deemed to completely preempt their present action for the following reasons.  The Meridian Fund should be realigned as plaintiff. According to plaintiffs, the Meridian Fund has no standing to assert a claim under ERISA.  The action must therefore be returned to the state court where claims under the common law can asserted by, or on behalf of, the Meridian Fund.

## DISCUSSION

Standing

Because the issue of standing to sue under ERISA is central to plaintiffs' argument in favor of remand, the court will begin its analysis there.

Standing to sue under ERISA begins with a scheme of fiduciary liability for those handling the assets of benefit plans.  See, e.g., ERISA §§ 409, 502.  ERISA provides for a cause of action for civil enforcement of such liability and delineates who may bring such a cause of action. Such an action may be brought by the Secretary of Labor, "or by a participant, beneficiary or fiduciary" of the affected plan.  Id. at § 502(a). This list of potential litigants is exclusive.  No one else--not even the affected ERISA plan itself--has standing to bring a civil action for a breach of the fiduciary duties imposed by ERISA.  Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co., 700 F.2d 889, 892-93 (2d Cir. 1983).

When the statute speaks of "fiduciary," as cited above, it is referring to the fact that, under the law, any ERISA plan is required to have a "named fiduciary."  ERISA § 402(a).  That fiduciary has standing to sue under ERISA asserting a claim against a party who has harmed the plan.  The other lawsuits in the consolidated action noted above, which allege violations of ERISA, have been brought by such fiduciaries.

In the present action, the funds themselves, not the named fiduciaries, have sued, and this is obviously designed to comport with the assertion of common law claims rather than ERISA claims.  The funds themselves would have no standing to bring the claims involved here if they were asserted as ERISA claims.

Plaintiffs argue that the Meridian Fund, listed in the complaint as the Nominal Defendant, should be realigned as plaintiff.  They go on to argue that the Meridian Fund has no standing to sue under ERISA and that therefore derivative claims on behalf of the Meridian Fund should be left to be asserted under the common law in state court.

However, it is not proper to realign the Meridian Fund as a plaintiff.  Plaintiffs cite to Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518 (1947), in support of their argument to align the Meridian Fund as a plaintiff in this case, but Koster is clear that when an entity "is in antagonistic hands," as is the case here, it is not to be realigned.  The Meridian Fund is in the hands of those antagonistic to the New Jersey Carpenters' Funds--defendants in this action--and therefore should not be realigned as a plaintiff.  See In re Sunshine Min. Co. Securities Litigation, 496 F. Supp. 9, 12 (S.D.N.Y. 1979) (corporation was controlled by the very officials accused of wrongdoing precluding claim that corporation was not in "antagonistic hands").

Plaintiffs apparently seek to realign the Meridian Fund as a plaintiff because they wish to have a complete array of plaintiffs who have no standing to sue under ERISA in order to support their assertion of common law causes of action in the state court.  As already described, it appears that the plaintiff funds have no ERISA standing.  As to the Meridian Fund, more than 25 percent of the Meridian Fund's equity participation comes from ERISA plans, making the Meridian Fund's

assets "plan assets" and subjecting the Meridian Fund to regulation under ERISA.  See 29 C.F.R. § 2510.3-101(f).  If the Meridian Fund were to be considered to be a plaintiff, it would probably have no standing to sue under ERISA.  This would appear to bolster plaintiffs' case for remand, based on the argument described, but, for the reasons stated above, the court will not realign the Meridian Fund as a plaintiff.

In any event, plaintiff funds have no standing to sue under ERISA. Nonetheless, the doctrine of complete preemption prevents the claims in this case from being pursued under the common law in the state court.

Complete Preemption

Complete preemption is a doctrine that provides federal jurisdiction where Congress has indicated that particular legislation is intended to make certain federal court remedies the exclusive remedies on the subjects dealt with in the legislation, leaving nothing by way of a concurrent state law cause of action or remedy.  See Beneficial National Bank v. Anderson, 539 U.S. 1, 8 (2003).  An action may be brought in state court and the complaint in that action may purport to present allegations under the state common law, but if the complaint raises issues which Congress intends to be exclusively covered by the federal legislation, then the action must be removed to federal court.

ERISA is a statute that creates complete preemption.  "The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies

argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987). The exclusive nature of ERISA civil enforcement remedies go beyond traditional preemption and create an independent basis for removal jurisdiction:

> Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted. . . . The pre-emptive force of ERISA § 502(a) is still stronger. . . . [T]he ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) are removable to federal court.

Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).

It may be that the plaintiff in the state court action would have rights under state common law that are broader than the rights granted by ERISA. But "the mere fact that the state cause of action attempts to authorize remedies beyond those authorized by ERISA § 502(a) [will not] put the cause of action outside the scope of the ERISA civil enforcement mechanism." Aetna Health Inc. v. Davila, 542 U.S. at 214-15. Thus, complete preemption means that an ERISA enforcement action should be dealt with in federal court even if that means that the plaintiff's cause of action is limited or must be dismissed. See Romney v. Lin, 894 F. Supp. 163 (S.D.N.Y.1995) ("Romney I"), aff'd, Romney v. Lin, 94 F.3d 74 (2d.

Cir. 1996) ("Romney II"), <u>reh'g denied</u>, <u>Romney v. Lin</u>, 105 F.3d 806 (2d. Cir. 1997) ("Romney III"), <u>cert. denied</u>, 118 S.Ct. 263 (1997).

Despite plaintiffs' purported pleading of the common law only, ERISA issues pervade their complaint.  All parties in this case are subject to regulation under ERISA.  Each plaintiff is a plan created pursuant to ERISA to maintain benefits for carpenters operating in the state of New Jersey.  <u>See</u> ERISA § 402.  As noted earlier, more than 25 percent of the Meridian Fund's equity participation comes from ERISA plans, making the Meridian Fund's assets "plan assets" and subjecting the Meridian Fund to regulation under ERISA.

Each defendant, possibly having had control over "plan assets" or advising as to their investment, is potentially a functional, rather than a named, fiduciary as defined in ERISA with resulting duties.  <u>See</u> <u>id.</u> at (a)(2).  As noted above, ERISA creates a comprehensive regulatory scheme to govern such fiduciaries.  ERISA establishes standards of care, ERISA § 404, and creates liability for those who do not live up to the established standards of care.  <u>Id</u>. at § 409.

Plaintiffs have alleged no breach of duty that arises separate from duties imposed on fiduciaries of plan assets in ERISA § 404.  Furthermore, plaintiffs are ERISA entities suing alleged ERISA fiduciaries and their claim is based on the same theory, depends on the same elements, and was brought against the same defendants as the ERISA civil enforcement actions brought by plaintiffs in the Meridian

consolidated action.  For example, in the original complaint in <u>Operating</u>

<u>Engineers v. Meridian Diversified Fund Management, LLC</u>, 09-cv-03955

(TPG), plaintiffs allege in support of their ERISA enforcement action:

> Defendants Meridian and Meridian Diversified are fiduciaries which owed a duty of loyalty to plaintiff and the Sub-Class members under ERISA, in that they were required to act solely and exclusively in the interests of the Funds' participants and beneficiaries. As part of their fiduciary duties, defendants Meridian and Meridian Diversified owed a duty to prudently manage and invest the assets of the Funds. Defendants Meridian and Meridian Diversified breached that duty by, *inter alia*: (a) failing to sufficiently investigate the Madoff-related funds to insure that they were a safe, prudent, honest and suitable investment for employee pension benefit plans and their participants and beneficiaries; and (b) failing to locate or give sufficient attention to warning signs about the unreliability of Madoff-related funds as investment vehicles.

Compare that to plaintiffs' complaint in the present case against the

same defendants, where they allege:

> Among other things, the Fund Defendants failed to: (a) safely and prudently manage the Fund's business, operations and assets; (b) perform, or supervise those tasked with performing, adequate due diligence of the Fund's investments, including due diligence with respect to the Offshore XL Fund, Madoff and BMIS; (c) investigate red flags regarding Madoff and BMIS.

Furthermore, the damages sought by plaintiffs in the present case track

the liability established for ERISA fiduciaries.  As stated in ERISA §

409(a):

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach. . . .

This is precisely the relief plaintiffs would receive in this derivative suit brought on behalf of the fund against the fund's managers.  See, e.g., Scalp & Blade, Inc. v. Advest, Inc., 765 N.Y.S.2d 92, 97 (4th Dept. 2003) (investors alleging breach of fiduciary duty would be entitled to compensatory damages in an amount necessary "to make good, so far as it is possible to do so in dollars and cents, the harm done by a wrongdoer").

Plaintiffs' complaint arises from their function as ERISA entities, their investment of ERISA plan assets, and defendants alleged role as alleged fiduciaries of ERISA plan assets.  Plaintiffs' complaint is thus inextricably tied up in the duties and remedies provided by ERISA. See Davila, 542 U.S. at 213-14.  In these circumstances, plaintiffs' cause of action for breach of fiduciary duty duplicates and purports to supplant the ERISA civil enforcement remedy and therefore falls within the scope of the cause of action established by Congress in ERISA § 502(a)(2) and is completely preempted.  See id. at 209.

The court cited the Romney litigation earlier in this opinion and further discussion of these cases in appropriate.  In Romney I, the District Court addressed the other side of the coin to this case: an improper defendant rather than an improper plaintiff in an ERISA civil enforcement claim.  Romney I, 894 F. Supp. at 166.  Plaintiff in that case, a union official, had sued a company's shareholder in state court, claiming the shareholder was liable for the company's unpaid

contributions to the union's ERISA funds, although the claim was brought under state law. The defendant shareholder removed the case to federal court, claiming jurisdiction under ERISA, and moved to dismiss. The plaintiff moved to remand the case to state court. The District Court denied the plaintiff's motion to remand, finding jurisdiction under ERISA, and at the same time dismissed plaintiff's claim against the shareholder because the ERISA enforcement scheme "does not authorize any type of action against officers and stockholders of a corporate employer to recover contributions owed to an ERISA fund." Id. Thus, despite the fact that the claim in that case was one of state law and involved a party outside of the scope of ERISA's civil enforcement scheme, the District Court maintained jurisdiction under ERISA and dismissed the state law claim. The Court of Appeals affirmed. Romney II, 94 F.3d 74. In denying rehearing of, the Court of Appeals stated that "the scope of 502(a)" expands beyond claims pleading proper parties and an action will still fall within the scope "even though it is directed against a defendant not liable under ERISA." Romney III, 105 F.3d at 813.

Plaintiffs rely on Eastern States Health & Welfare Fund v. Philip Morris, Inc., 11 F. Supp. 2d 384, 402 (S.D.N.Y. 1998), where the argument that standing is necessary for complete preemption under ERISA was accepted as one of two alternative bases for remanding to state court a subrogation claim brought by health plans against tobacco companies for healthcare costs associated with smoking. However,

Eastern States is distinguishable.   Unlike the claims for breach of fiduciary duty in the instant case, the subrogation claims in Eastern States are unrelated to the civil enforcement actions set forth in ERISA § 502(a), and therefore did not implicate the same concerns regarding Congress's intention to keep § 502(a) as the exclusive means by which to bring a civil enforcement action under ERISA.   See Beneficial National Bank, 539 U.S. at 9 n.5 ("[T]he proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive. . . ."). To allow an ERISA plan to pursue in state court a civil enforcement action so closely tied to the limited actions provided for by Congress precisely because Congress prohibited the plan from bringing any such civil enforcement action in federal court would turn the purpose of complete preemption on its head.

Plaintiffs next rely on Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27 (1983), in which the Court notes that enforcement actions by improper plaintiffs cannot be brought under ERISA § 502(a).   However, all parties acknowledge that plaintiffs may not be the proper plaintiffs to bring an enforcement action under § 502(a). Indeed, plaintiffs' claim seems purposely structured to guarantee as much.   The proper inquiry is then what effect that has on a court's complete preemption analysis.   And, as noted above, the answer to that follows from the Court's reasoning in Davila.   Improper claims are still

"within the scope" of § 502(a) in the sense of being completely preempted. <u>Davila</u>, 542 U.S. at 209.

In fact, <u>Franchise Tax</u> was not remanded for lack of standing, but rather because, although the well-pleaded complaint rule would logically have permitted removal of the case, the Court, citing unique federalism concerns, did not want to deprive a state court of jurisdiction over a case <u>brought by a state agency to declare the validity of its own regulations</u>. 463 U.S. at 19-22.  The federalism concerns in the instant case are the mirror image of <u>Franchise Tax</u> and point towards federal jurisdiction: federally created ERISA plans suing on behalf of an investment fund holding ERISA plan assets, against ERISA-regulated managers for breach of fiduciary duty--a breach already at issue in consolidated litigation pending in federal court and the standards for which are established by federal law.

Plaintiffs next contend that because their derivative claim is unavailable under § 502(a) it cannot then be <u>within the scope</u> of § 502(a). Such an argument, however, like the argument regarding standing just discussed, was clearly foreclosed by the Supreme Court in <u>Davila</u>.

Plaintiffs then point to Second Circuit dicta in <u>Lupo v. Human Affairs Intern., Inc.</u>, 28 F.3d 269, 272 (2d Cir. 1994), suggesting that complete preemption applies only to enforcement actions under § 502(a)(1)(B), which does not include actions for breach of fiduciary duty. <u>Lupo</u>, however, preceded <u>Davila</u>, and is no longer significant.  See <u>Davila</u>,

- 13 -

542 U.S. at 209 ("[C]auses of action within the scope of the civil enforcement provisions of § 502(a) are removable to federal court.") (emphasis added) (internal quotations and brackets omitted)).

Finally, based on their flawed assumption that the Meridian Fund, a Cayman Island's entity, is the true plaintiff in this case, plaintiffs argue that complete preemption is unavailable because it does not apply extraterritorially.  As discussed above, the Meridian Fund is properly aligned as a defendant in this analysis and, as such, this argument has no merit.

## CONCLUSION

Plaintiffs' state law derivative action for breach of fiduciary duty is completely preempted by ERISA.  This court has exclusive jurisdiction over plaintiffs' claims and therefore plaintiffs' motion to remand is denied.

Dated:  New York, New York
        May 11, 2011

,

Thomas P. Griesa
U.S.D.J.